UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Noah J. McCourt, and all others

Similarly situated

V.

Carver County Sheriff's department

Jefford Sessions, Attorney General of the United States in his individual capacity and his successors

Alexander M Azar, Secretary of health and human services in his individual capacity and his successors

Kirstjen Nielsen, Secretary of Homeland Security in her individual capacity and his successors

Laurie Swanson, Attorney General in her individual capacity and her successors

Tom Roy, Commissioner of the Department of Corrections in his individual capacity and his successors

Mona Dohman, Commissioner of Public Safety in her individual capacity and her successors

Emily Piper Johnson, Commissioner of Human Services in her individual capacity and her successors

Jan Malcom, Commissioner of Health in her individual capacity and her successors

James Olson, Carver County Sheriff in his individual capacity and his successors

Jason Kamerud, Carver County Sheriff Chief Deputy

Rod Franks, Director of Carver County Social services in his individual capacity

Mark Metz, Carver County Attorney, in his individual capacity and his successors

Peter Ivy, Chief Deputy Carver County Attorney

David Hunt, Assistant Carver County Attorney

PRELIMINARY STATEMENT

1. Defendants denied life-altering medication to plaintiffs, who suffer from mental illness in the Carver County Jail.

2. Defendant's practice of denying medication to people with mental illness is both Dangerous and discriminatory as it singles out a particularly vulnerable group of People forcing them to unnecessarily suffer through depressive episodes and hallucinations and ultimately an increased risk of suicide.

JURISDICTION

3. This action arises out of the laws of the United States. Jurisdiction is conferred upon This court pursuant to 28 USC 1331 and 1343

4. Venue is proper in this court pursuant to 28 USC 1391 (b) as all of the events Relevant to this suit occurred in the district of Minnesota

SCANNED

JUN 1 3 2018

U.S. DISTRICT COURT ST. PAUL

## PARTIES

5. Plaintiff Noah McCourt is a disability rights activist who has at all times relevant to This suit has been a resident of the state of Minnesota. Plaintiff has diagnoses of Autism Spectrum Disorder, anxiety disorder, mood disorder not-otherwise specified and Chronic depression

6. The Defendant is the Carver County Sheriff's Department who operate a county jail Pursuant to Minn. Stat. 641.01 as such they are a public entity as the term is used in Title II of the American with Disabilities Act. They are responsible for the day to Day operations in the Carver County Jail including promulgating and enforcing Jail Policies as well as statutory obligations

## FACTUAL ALLEGATIONS

7. Plaintiff brings this complaint against the defendant on behalf of himself and others Similarly situated to seek judicial relief from harm and suffering caused by the defendant.

9. The United States, Minnesota and Carver County are dealing with a mental health Crisis

10. Minnesota's suicide rate has risen by over 70 percent over the past two decades

11. Minnesota's suicide rate last year was 13.5 per 100,000 people. This is up 4 percent since 2000, slightly outpacing the national rate over the same time period. These Deaths are preventable

12. Mental illness is very common and is experienced by 1 in 5 adults in the United States

13. Approximately 20 percent of state prisoners and 21 percent of inmates in local jails have a diagnosed mental health condition

14. Mental illness results from chemical imbalances in brain chemistry. Individuals Experiencing mental illness may exhibit a lack of control over their behavior, Suicidal ideation and impaired or withdrawn social functioning

15. Psychiatric conditions qualify as a disability under the American with Disabilities Act

16. People with mental illness who are forced into a correctional setting have a higher risk of committing suicide. If their condition remains untreated there is a good Chance that they're condition will continue to deteriorate.

17. Drug therapy or Pharmacotherapy is an evidence based standard of care for treatment of severe and persistent mental illness. Many people living with mental Illness require long term consistency for drug therapy if not for life, to treat condition and reduce risk of further deterioration.

18. The American with Disabilities Act and the Rehabilitation Act of 1973 prohibit discrimination on the basis of disability.

19. Defendant's policy and practice of denying medication to people experiencing Mental illness is discrimination as defined in Title II of the American with Disabilities Act and section 504 of the Rehabilitation Act of 1973.

20. The Plaintiff seeks declaratory and injunctive relief to end the defendant's unlawful

discrimination and prohibits defendant's from denying life-altering medication to others who are similarly situated.

## FACTS ENTITLING PLAINTIFF TO RELIEF

A.

There is a mental health crisis in Carver County

21. Carver County has one of the highest suicide rates in the region

22. Suicide rates are on the rise nationally. According to the Center for Disease control the suicide rate in Minnesota has jumped 40.6 percent in 18 years. In 2016 745 suicides were reported in 2010 there were 606. That's approximately 2 suicides per day

23. The situation is dire as evidenced by Governor Mark Dayton's Executive order 16-002 creating a mental health taskforce in which he cited "Too many Minnesotans are going far too long without accessing the care they need, those denials damage their overall health, their job opportunities and their access to safe and affordable housing"

24. In 2017 the Carver County Sheriff's department responded to more mental health related calls than they did theft calls representing a 33 percent increase in mental health calls from 2016.

B.

Mental Illness is covered by the American with Disabilities Act.

25. People living with mental illness have a mental health disorder

26. Mental health order is defined by the American Psychiatric Association's diagnostic and statistical manual on mental disorders as *" a syndrome characterized by clinically significant disturbance in an individual's cognition, emotional regulation, or behavior that reflects dysfunction in the psychological, biological or developmental processes underlying mental functioning"*

27. People receiving drug therapy for underlying mental health disorders can experience acute withdrawal symptoms such as vomiting, increased pulse, excessive sweating . Protracted symptoms can last much longer and can include anxiety, depression, increased irritability sleep deprivation, psychosis and suicidal ideation.

28. Unilaterally withdrawing an individual off medication prescribed as part of a drug therapy regimen is not a recognized treatment for mental illness as absent such treatment, individuals living with mental illness will continue to deteriorate .

29. The American with Disabilities Act and section 504 of the Rehabilitation act prohibit discrimination on the basis of disability.

30. The ADA defines disability as a "physical or mental impairment that substantially limits one or more major life activities" 42 USC 12102 (1) (A)

31. People experiencing mental illness have a physical or mental impairment that substantially limits one or more major life activities 28 CFR 35.108 (b) (2)

32. Mental illness limits the ability to participate in one or more major life activities including but not limited to caring for oneself, learning, thinking, communicating

42 USC 12102 (A)

33. Mental Illness also substantially limits the ability to operate one or more major bodily systems including the neurological system 42 USC 12102 (b)

34. The determination of what qualifies as a disability is made without factoring in the effect of ameliorating measures such as Medication may have on impairment

35. Accordingly people with mental illness are individuals with a disability as defined in the ADA 42 USC 12102; 28 CFR 35.108 and are covered by its protections

C.

Plaintiff suffers irreparable harm as a result of defendant's practice of denying medication to individuals with mental illness.

36. The Plaintiff and others in similar circumstances face significant risks to their health and long term well being both while incarcerated and upon release

D.

Plaintiff Noah J McCourt

37. Plaintiff Noah J McCourt chair's the state committee on Children's mental health and is a member of the Governor Dayton's Council on Developmental Disabilities.

38. The plaintiff had an altercation with the Chaska Police Department and the Carver County Sheriff's office in October 2017, following a mental health crisis call.

39. Plaintiff McCourt was subsequently arrested and booked.

40. Plaintiff spent the weekend in Carver County Jail and was denied his medication.

41. Plaintiff has diagnoses of Anxiety disorder, Autism Spectrum Disorder, Mood disorder not otherwise specified and Post Traumatic Stress Disorder.

42. Carver County Sheriff's department has derailed the Plaintiff's treatment plan as they were aware of the diagnoses and that the Plaintiff was suicidal and experiencing flashbacks while detained at the Carver County Jail.

43. Plaintiff continues to experience flashbacks, severe depression and anxiety as a result of defendant's failure to provide medication.

First Claim for Relief
(Violations of the American with Disabilities Act)

44. The Plaintiff re-alleges and incorporates by reference all allegations made herein:

45. Under the American with Disabilities Act "No qualified individual with a disability shall by reason of such disability be excluded from participation in or denied benefits of the services, programs and activities of a public entity or be subjected to discrimination by any such entity" 42 USC 12132

46. The Plaintiff is a qualified individual with a disability as defined in 42 USC 12132 and 28 CFR 35.104

47. Plaintiff has a disability as defined in 42 USC 12132 and 28 CFR 35.104 he suffers from mental illness which is a mental or physical impairment that substantially limits one or more major life activities 42 USC 12132

48. Defendant is a public entity as defined in 42 USC 12131 ;28 CFR 35.104

49. Defendants provide medical services to individuals incarcerated at the Carver County Jail (see PA Dept of Corrections V. Yeskey 524 US 26 210 (1998) concluded that

services programs and activities include medical services under the ADA)

50. The Plaintiff meets the eligibility requirements for all medical services provided by the Carver County Jail

51. Defendants provide medical services for other physical conditions and impairments but deny them to individuals with mental illness

52. This is a violation of Title II of the Americans with Disabilities Act

53. As a direct and proximate result of the defendant's unlawful discrimination in violation of the American with disabilities Act, the plaintiff and others in similar situations have been harmed and faced with imminent injury and bodily harm.

Second Claim for Relief
(Violations of Section 504 of the Rehabilitation Act)

54. the Plaintiff re-alleges and incorporates all allegations made by reference herein:

55. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination by recipients of Federal Financial assistance 29 USC 794

56. Plaintiff is an individual with a disability as defined in 28 CFR 35.104

57. The defendant is a recipient of federal financial assistance as defined in 29 USC 794

58. Defendent's provide medical services to individuals incarcerated at the Carver county Jail. (see PA Dept of Corrections V. Yeskey 524 US 26 210 (1998) concluded that services programs and activities include medical services under the ADA)

59. the Plaintiff met eligibility requirements for all programs, services and activities provided by the Carver County Jail

60. Defendent's provide medical services for other physical conditions and impairments but deny them to individuals with mental illness

61. This is a violation of the Rehabilitation act of 1973

62. As a direct and proximate result of the defendant's unlawful discrimination in violation of the Rehabilitation act of 1973, the plaintiff and others in similar situations have been harmed and faced with imminent injury and bodily harm

WHEREFORE, the Plaintiff respectfully requests that the court grants the following relief;

1. A declaration that the defendant's acts omissions, policies, practices and procedures as described in this complaint violate Title II of the American with Disabilities act and section 504 of the Rehabilitation Act of 1973

2. Preliminary and permanent injunctions that require the defendant to provide access to necessary medications to inmates experiencing mental illness in compliance with Title II of the American with Disabilities act

3. An award of compensatory damages and reasonable attorney fees

4. Leave to amend these proceedings as evidence presented at trial
and

5. Such other and further relief as the Court may deem just and proper

Respectfully submitted,


Noah J. McCourt
33 W Lake Street #404
Waconia MN 55387