# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| NOAH J. MCCOURT, and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>CARVER COUNTY SHERIFF'S DEPARTMENT; JEFFORD SESSIONS, Attorney General of the United States in his official capacity and his successors; ALEXANDER M. AZAR, Secretary of Health and Human Services in his individual capacity and his successors; KIRSTJEN NIELSEN, Secretary of Homeland Security in her individual capacity and her successors; LAURIE SWANSON, Attorney General in her individual capacity and her successors; TOM ROY, Commissioner of the Department of Corrections in his individual capacity and his successors; MONA DOHMAN; Commissioner of Public Safety in her individual capacity and her successors; EMILY PIPER JOHNSON, Commissioner of Human Services in her individual capacity and her successors; JAN MALCOLM, Commissioner of Health in her individual capacity and her successors; JAMES OLSON, Carver County Sheriff in his individual capacity and his successors; JASON KAMERUD, Carver County Sheriff Chief Deputy; ROD FRANKS, Director of Carver County Social Services in his individual capacity; MARK METZ, Carver County Attorney, in his individual capacity and his successors; PETER IVY, Chief Deputy Carver County Attorney; and DAVID HUNT, Assistant Carver County Attorney,<br><br>     Defendants. | Case No. 18-CV-1651 (PJS/DTS)<br><br>**ORDER** |

Plaintiff Noah J. McCourt brings this action on behalf of himself and similarly situated prisoners or former prisoners of the Carver County Jail alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. The complaint also suggests claims of deliberate indifference to medical needs under 42 U.S.C. § 1983. McCourt did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Upon review, this Court concludes that McCourt qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is

plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

To begin, McCourt — a self-represented litigant — characterizes this lawsuit as being brought on behalf of not only himself, but also a class of similarly situated litigants. "But pro se litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)." *Jackson v. Dayton*, 15-CV-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016) (collecting cases).  "This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).  McCourt, who is not an attorney, may prosecute his own claims in this litigation, but he may not prosecute the claims of other litigants.

Once shorn of class-specific claims and statements, McCourt's complaint contains little by way of factual allegations showing that *he* is entitled to relief.  McCourt alleges that he was arrested and booked into the Carver County Jail in October 2017 and that he was denied his medication during the subsequent weekend-long detention.  Compl. ¶¶ 38-40 [ECF No. 1].  But, for example, McCourt does not allege what medication he was

denied, nor does he allege who was responsible for the denial of medication.[1]  Practically nothing by way of description of the specific events in question is provided.

The focus of the pleading is clearly that of a class-action complaint, which McCourt cannot bring.  Accordingly, this Court will give McCourt another opportunity to replead this action, this time focusing on the claims particular to himself as a litigant.  McCourt's amended complaint must provide sufficient non-conclusory factual allegations to allow a factfinder to conclude, should those factual allegations be proved true, that McCourt's federal rights were violated.  The amended complaint must also demonstrate that, if the factual allegations are proved true, the specific defendants named to the action have acted wrongfully in some way.  Finally, the amended complaint must comply in all other respects with the Federal Rules of Civil Procedure and this District's local rules.  The amended complaint must be submitted within 20 days of this order, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[1] In general, the complaint is wildly overpleaded.  McCourt names fourteen persons as defendants to this action, all high-ranking federal, state, or county officials, and almost all named in their individual capacities.  But no *individualized* factual allegations of malfeasance are raised against any of them.  There is no basis in the complaint, as pleaded, for any of those defendants to be named, and no conceivable basis for why several of those defendants should be named to any subsequent amended pleading.

1. The application to proceed *in forma pauperis* of plaintiff Noah J. McCourt [ECF No. 2] will not be granted at this time.

2. McCourt must submit an amended complaint, as described above, within 20 days of this order, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Dated: June 19, 2018     *s/ David T. Schultz*
    David T. Schultz
    United States Magistrate Judge