UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NOAH J. MCCOURT, and all others similarly
situated,

               Plaintiff,

v.

CARVER COUNTY SHERIFF'S DEPARTMENT;
JEFFORD SESSIONS, Attorney General of the
United States in his official capacity and his
successors; ALEXANDER M. AZAR, Secretary of
Health and Human Services in his individual
capacity and his successors; KIRSTJEN
NIELSEN, Secretary of Homeland Security in her
individual capacity and her successors; LAURIE
SWANSON, Attorney General in her individual
capacity and her successors; TOM ROY,
Commissioner of the Department of Corrections in
his individual capacity and his successors; MONA
DOHMAN; Commissioner of Public Safety in her
individual capacity and her successors; EMILY
PIPER JOHNSON, Commissioner of Human
Services in her individual capacity and her
successors; JAN MALCOLM, Commissioner of
Health in her individual capacity and her
successors; JAMES OLSON, Carver County
Sheriff in his individual capacity and his
successors; JASON KAMERUD, Carver County
Sheriff Chief Deputy; ROD FRANKS, Director of
Carver County Social Services in his individual
capacity; MARK METZ, Carver County Attorney,
in his individual capacity and his successors;
PETER IVY, Chief Deputy Carver County
Attorney; and DAVID HUNT, Assistant Carver
County Attorney,

               Defendants.

Case No. 18-CV-1651
(PJS/DTS)

**REPORT AND
RECOMMENDATION**

---

In an order dated June 19, 2018, this Court pointed out several deficiencies in

plaintiff Noah J. McCourt's complaint and ordered him to file an amended complaint.  *See*

1

ECF No. 3 (citing 28 U.S.C. § 1915(e)(2)(B)).  McCourt was given 20 days to submit his amended complaint, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and McCourt has not filed an amended complaint as previously ordered.  In fact, McCourt has not communicated with the Court about this case at all since commencing this action.  Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated:      July 24, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local

Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).